BELSOME, J.,
concurs with reasons.
hi write separately to acknowledge that historically, a defendant could not be convicted unless the jury verdict was unanimous. Arie M. Rubenstein, Verdicts of Conscience: Nullification and the Modem Jury Trial, 106 Colum. L.Rev. 959, 979 (2006)(citing Apodaca v. Oregon, 406 U.S. 404, 407 & n. 2, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972)(White, J., plurality opinion); see also State v. Williams (unpub.), 2009-0602 (La.App. 4 Cir. 1/27/10, 26 So.3d 321)(Belsome, J., dissenting). The concept of a unanimous jury verdict began as early as the fourteenth century. Apodaca v. Oregon, 406 U.S. at 407-08, 92 S.Ct. 1628)(citing 1 William Holdsworth, A History of English Law 318 (1956), and James B. Thayer, The Jury and Its Development, 5 Harv. L.Rev. 249, 295, 296 (1892)); see also Johnson v. Louisiana, 406 U.S. 380, 383, 92 S.Ct. 1643, 1644, n. 1, 32 L.Ed.2d 170 (Douglas, J., dissenting). Ultimately, however, the United States Supreme Court concluded that the Constitution did not require unanimous jury verdicts. Rubenstein, Verdicts of Conscience, supra, at 979 (citing Apodaca v. Oregon, 406 U.S. at 410-411, 92 S.Ct. 1628).
With regard to Louisiana jurisprudence, this Court recently followed State v. Bertrand, 08-2215 (La.3/17/09), 6 So.3d 738, in State v. Taylor, 2009-0041, p. 8 (La.App. 4 Cir. 9/4/09), 21 So.3d 421, 426, holding that “[t]his recent jurisprudence [referring to State v. Bertrand ] clarifies that La. C.Cr.P. art. 782(A)’s presumption of con *1152 stitutionality remains intact.” Additionally, prior to the | ^Louisiana Supreme Court’s decision in State v. Bertrand, this Court found that a defendant’s argument that Article 782(A) was unconstitutional lacked merit, relying upon the First Circuit case of State v. Lee and noting the Louisiana Supreme Court’s denial of writs in that case. State v. Tillman, 2008-0408, p. 25 (La.App. 4 Cir. 3/4/09), 7 So.3d 65, 78 (citing State v. Lee, 2005-0456 (La.App. 1 Cir. 5/16/07), 964 So.2d 967, writ denied, State v. Lee, 2007-1288 (La.3/7/08) 977 So.2d 896, cert. denied, Lee v. Louisiana, — U.S. —, 129 S.Ct. 130, 172 L.Ed.2d 37 (2008)). In so holding, this Court quoted the following language from State v. Lee:
These Supreme Court decisions [Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] do not address the issue of the constitutionality of a non-unanimous jury verdict but rather, address the issue of whether the assessment of facts in determining an increased penalty of a crime beyond the prescribed statutory maximum is within the province of the jury or the sentencing judge. These decisions stand for the position that any fact (other than a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and approved beyond a reasonable doubt. See Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. Nothing in these decisions suggests that a jury’s verdict must be unanimous. Accordingly, LSA-Const. Art. I § 17(A) and LSA-C.Cr.P. art. 782(A) are not unconstitutional and do not violate the defendant’s Sixth Amendment right to a trial by jury.
State v. Tillman, 2008-0408, p. 25, 7 So.3d 65, 78 (quoting State v. Lee, 2005-0456, p. 4, 964 So.2d 967, 973 (emphasis added)). Therefore, until otherwise directed by the United States Supreme Court or the Louisiana Supreme Court, the trial court’s denial of defendant’s motion to declare La. C.Cr.P. art. 782(A) unconstitutional must be affirmed. I respectfully concur.